Martin B. Stecher, J.
The defendants move to vacate a judgment entered in the office of the County Clerk, New York County, on June 29, 1976, purportedly pursuant to the provisions of CPLR article 54 entitled the "Uniform Enforcement of Foreign Judgments Act.”
The statute, enacted in response to a Judicial Conference report to the Legislature Jan. 2, 1970), was intended to provide an easy and uniform method of entering foreign judgments throughout the United States. The New York Legislature, however, enacted a statute somewhat more restrictive than those enacted elsewhere, in that the expression "foreign judgment” as used in the statute excludes "one obtained by default in appearance, or by confession of judgment” (CPLR 5401).
The New Jersey judgment, dated June 15, 1976, recites in part the initiation of the proceeding before the Superior Court of New Jersey "for an Order confirming, enforcing and entering Judgment upon an arbitration award of May 19, 1976, and * * * no one appearing in opposition”. It thereafter proceeds to grant, among other relief, a money judgment. The respondents (here designated defendants) contend that insofar as the judgment is merely a final step in a contested arbitration proceeding it should not be deemed a default judgment but rather a judgment in a proceeding in which the parties all duly appeared.
CPLR article 54 grants to the county clerk the purely ministerial function of entering in his records as a judgment of this court the judgment of any court of the United States or of a sister State provided, that on its face it meets the statutory requirements.
The New Jersey judgment does not, on its face, meet the statutory requirements. It expressly recites that it was granted on default. The clerk was in error in accepting the affidavit which contradicted the very judgment he was entering. He is not granted discretion to go behind the judgment and determine the circumstances under which it was granted or whether, as alleged here, it was the "final step” in a *222 contested arbitration proceeding. In these papers the petitioner (denominated plaintiif) raises the question of the New Jersey court’s jurisdiction on the application before it to confirm the award. Although jurisdiction is an issue which may be considered anew (Bell v Bell, 181 US 175; Atlas Credit Corp. v Ezrine, 25 NY2d 219) without violating the full faith and credit clause of the Federal Constitution (art IV, § 1), it is the very kind of issue which the Legislature sought to exclude from the county clerk’s consideration. He was granted no discretion to determine jurisdiction and he should not, therefore, have entered this judgment.
The petition is granted and the judgment is vacated as is any enforcement proceeding or process which may have been commenced or issued in pursuance thereof. I express no opinion as to the availability of other relief to the New Jersey judgment creditors.