■ PAUL FISHMAN, an Infant, by His Mother and Natural Guardian, SABINA FISHMAN, et al., Respondents, v POCONO SKI RENTAL, INC., Appellant. — In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Rader, J.), dated September 10, 1980, which (1) granted the branch of plaintiffs' motion that sought reargument of a prior order of the same court, dated July 2, 1980, which, *inter alia,* dismissed the complaint for lack of personal jurisdiction, and (2) granted the branch of plaintiffs' motion which sought leave to serve an amended complaint. Order modified, on the law, by deleting that portion of the order

which granted plaintiffs leave to serve an amended complaint, and substituting therefor provisions (1) denying the branch of plaintiffs' motion which sought leave to serve an amended complaint, and (2) upon reargument, vacating so much of the July 2, 1980 order as granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, and denying said motion, without prejudice to renew (as a motion for summary judgment) after completion of disclosure in connection with the issue of personal jurisdiction. As so modified, order affirmed, without costs or disbursements. The parties are directed to complete all such disclosure within 30 days of service upon the plaintiffs of a copy of the order to be made hereon, with notice of entry. The instant action seeks damages on behalf of the infant plaintiff for injuries which he sustained in a ski accident. The defendant, a Pennsylvania corporation, asserted, in its answer, the defense of lack of personal jurisdiction. More than a year after joinder of issue, the defendant moved pursuant to CPLR 3211 to dismiss the complaint, again asserting its jurisdictional objection. Special Term, in an order dated July 2, 1980, granted the motion for the reason that the complaint failed to allege "that the defendant does business in the State of New York." Thereafter, the plaintiffs moved for reargument of the July 2 order and for leave to serve an amended complaint asserting a basis for jurisdiction. Special Term, in the order appealed from, granted plaintiffs the relief sought. Initially, we note our disagreement with Special Term's conclusion that the original complaint was deficient. There is no requirement, in New York pleading practice, that the complaint allege the basis for personal jurisdiction (see Siegel, Practice Commentaries, McKinney's Cons Laws, of NY, Book 7B, CPLR C3013:20, p 624; Siegel, New York Practice, § 254; 1 Weinstein-Korn-Miller, NY Civ Prac, par 301.08). Rather, lack of personal jurisdiction is an affirmative defense, which must be asserted by the defendant either in a CPLR 3211 motion, or in the answer (CPLR 3211, subd [e]). In the case at bar, the defendant preserved its jurisdictional objection by including it in its answer. Its subsequent motion to dismiss the complaint (which should have been denominated a motion for summary judgment, since it was made after issue had been joined), raised the question of whether, on the facts as revealed in the affidavits submitted on the motion, there was a basis for the plaintiffs' assertion of jurisdiction over defendant, a foreign corporation. From our reading of the plaintiffs' affidavits, submitted in opposition to the motion to dismiss and in support of the subsequent motion for reargument, it appears that the plaintiffs have not adequately shown that the defendant does business in New York (see Frummer v Hilton Hotels Int., 19 NY2d 533, cert den 389 US 923). The plaintiffs assert, however, that additional facts, relevant to the issue of jurisdiction, may become available to them during disclosure. In the circumstances, we think it appropriate to deny the motion to dismiss at this time (see Peterson v Spartan Inds., 33 NY2d 463). The defendant will be able to renew its jurisdictional objection, if it be so advised, in a motion for summary judgment following completion of relevant discovery. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.