■ PAUL ELIE et al., Plaintiffs, v LEVLEX ENTERPRISES, LTD., et al., Defendants. (Action No. 1.) PAUL ELIE et al., Plaintiffs, v RESTORATION RESOURCES, INC., et al., Defendants. (Action No. 2.) PAUL ELIE et al., Appellants-Respondents, v MARC BROXMEYER et al., Respondents-Appellants. (Action No. 3.) [742 NYS2d 869] —Appeal by the plaintiffs, as limited by their brief, on a motion, inter alia, to vacate the filing and entry, pursuant to CPLR 5402, in the office of the Clerk of the Supreme Court, Westchester County, of a judgment of the State of Florida, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered November 15, 2000, as (a) granted that branch of the motion of Neil Binder, Bellmarc Realty, Inc., and Bellmarc Operating Companies, Inc., defendants in Action No. 3, which was to vacate the judgment, and (b) denied their cross motion, in effect, to enforce the judgment, and Marc Broxmeyer, Neil Binder, Bellmarc Realty, Inc., and Bellmarc Operating Companies, Inc., defendants in Action No. 3, cross-appeal, as limited by their brief, from so much of the same order as denied that branch of the motion of the defendants other than Marc Broxmeyer which was, in effect, to vacate the judgment as void on the ground that the Florida court lacked personal jurisdiction over them.

Ordered that the cross appeal of the defendant Marc Broxmeyer is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order cross-appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs obtained a default judgment against the cross appellants Neil Binder, Bellmarc Realty, Inc., and Bellmarc Operating Companies (hereinafter the cross appellants) in Florida after the cross appellants, although aware of the action against them, failed to appear or answer. The plaintiffs filed

the Florida judgment in New York, purportedly pursuant to the provisions of CPLR article 54. The cross appellants subsequently moved to vacate the judgment filed in New York on the ground, inter alia, that the Florida judgment was obtained on their default. They also sought to have the Florida judgment declared null and void on the ground that the Florida court did not have personal jurisdiction over them. The plaintiffs opposed the motion, and cross-moved for summary judgment, pursuant to CPLR 3213, based on the Florida judgment.

CPLR article 54, which provides a procedure whereby the County Clerk may enter a foreign judgment as a judgment of this state, excludes from entry foreign judgments obtained by default (see CPLR 5401, 5402 [a]). Here, the Florida judgment recited that "[t]he [cross appellants] have not entered an appearance in this cause and have not otherwise properly opposed the entry of the Partial, Final Summary Judgment." Accordingly, as it was entered upon default, the Florida judgment cannot be filed in this state in accordance with the provisions of CPLR article 54 (see Mill Val. Celebrity Homes v Empbanque Capital Corp., 178 AD2d 949; Matter of Port Realty Dev. Corp., 88 Misc 2d 220).

The plaintiffs' cross motion for summary judgment was also properly denied, since the cross appellants' submissions raised factual issues pertaining to notice and personal jurisdiction (see Fishman v Pocono Ski Rental, 82 AD2d 906).

The parties' remaining contentions are without merit. Florio, J.P., Smith, McGinity and Crane, JJ., concur.