*632 OPINION OF THE COURT
Memorandum.
Appeal from the order entered June 3, 2002 unanimously dismissed as superseded by order entered October 2, 2002.
Order entered October 2, 2002 unanimously affirmed without costs.
While the order of October 2, 2002 purported to deny reargument, we note that the court below addressed the merits of the motion, and thus, in effect, granted reargument and adhered to its previous determination, thereby superseding the June 3, 2002 order and rendering the October 2, 2002 order appealable.
Defendant’s main contention upon appeal in this action for breach of warranty and breach of contract is that the Suffolk County District Court lacked jurisdiction over defendant, who resides in one of the eastern five towns of Suffolk County, outside the District Court’s jurisdiction (UDCA 2300 [b]). Although the jurisdictional lack complained of is repeatedly described as subject matter jurisdiction, in fact, as the court below correctly pointed out, it is personal jurisdiction pursuant to UDCA 404 that is at issue. We find that the complaint validly alleged personal jurisdiction over defendant pursuant to that section.
Because the summons was served outside the District Court’s limited territorial jurisdiction (UDCA 2300 [b]) and “long-arm” jurisdiction pursuant to UDCA 404 is invoked, the basis for personal jurisdiction must be alleged in the pleadings (Style-craft Interiors v Sheppard, NYLJ, Mar. 14, 1995, at 28, col 5 [App Term, 9th & 10th Jud Dists]). A bare allegation that jurisdiction exists has been held to be insufficient; “one seeking to invoke the in personam jurisdiction of this court with respect to a nonresident must expressly allege in the complaint the facts bringing the nonresident within the UDCA’s provisions for personal jurisdiction by acts of nonresidents * * (Coffman v National Union Fire Ins. Co. of Pittsburgh, 60 Misc 2d 81, 84 [1969] [citations omitted].)
The factually specific allegations in the complaint that a contract between the parties and a warranty upon goods were both breached, combined with the allegation that all the acts, omissions, etc., complained of took place in Brookhaven, were sufficient evidence of defendant’s purposeful contact with the jurisdiction to qualify as a transaction of business pursuant to UDCA 404 (a) (1). Furthermore, a single transaction, purpose *633 ful in nature, as at issue here, may satisfy the “minimum contacts” with the jurisdiction required to satisfy “traditional notions of fair play and substantial justice” that underlie the operation of long-arm jurisdiction (International Shoe Co. v Washington, 326 US 310, 316 [1945]; see also La Rosa v Levine, 49 Misc 2d 932 [App Term, 9th & 10th Jud Dists 1966] [McDonald, J., dissenting]). Inasmuch as defendant failed to appear (CPLR 320), a default judgment was properly entered against her.
Winick, J.P., Lifson and Skelos, JJ., concur.