■ CADLE COMPANY, Appellant, v BERTHA AYALA, Respondent. [850 NYS2d 563]—

In an action to enforce a foreign judgment entered upon default, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated January 8, 2007, which denied its unopposed motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the Supreme Court's reasoning, there is no procedural requirement under CPLR 3213 that the plaintiff affirmatively plead and prove facts sufficient to establish long-arm jurisdiction over the out-of-state defendant (*see* CPLR 302). Rather, lack of long-arm jurisdiction must be raised by the defendant in opposition to the motion (*see Buckeye Retirement Co., L.L.C., Ltd. v Lee,* 41 AD3d 183 [2007]; *cf. Fishman v Pocono Ski Rental,* 82 AD2d 906, 907 [1981]).

Nevertheless, as the proponent of this unopposed motion for summary judgment in lieu of complaint, the plaintiff still bore the burden of establishing, inter alia, that the defendant was properly served with the motion (*see* CPLR 3213). Under the unusual circumstances presented, we find that the plaintiff failed to meet that burden, as, among other things, the affidavit of service, on its face, raises issues of fact as to the identity of the person served. Thus, the Supreme Court reached the correct result by denying the motion, and upon denial, the plaintiff's moving papers "shall be deemed the complaint" (CPLR 3213). Our decision is not intended to preclude the plaintiff from moving, if it be so advised, for leave to enter a default judgment against the defendant in this action, upon proper proof pursuant to CPLR 3215 (*cf. Araujo v Aviles,* 33 AD3d 830 [2006]). Prudenti, P.J., Spolzino, Fisher and Dillon, JJ., concur.