■ DAVID MADJAR, Respondent, v BIBIANO ROSA et al., Appellants. [923 NYS2d 561]—

In an action to enforce a judgment of the State of Connecticut Superior Court, Judicial District of Stamford/Norwalk, dated May 6, 2002, the defendants appeal from an order of the

Supreme Court, Westchester County (Lefkowitz, J.), entered April 13, 2010, which granted the plaintiff's motion for summary judgment on the complaint. The appeal brings up for review so much of an order of the same court entered June 2, 2010, as, upon renewal and reargument, adhered to the original determination granting the plaintiff's motion for summary judgment on the complaint (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered April 13, 2010, is dismissed, as that order was superseded by so much of the order entered June 2, 2010, as, upon renewal and reargument, adhered to the original determination granting the plaintiff's motion for summary judgment; and it is further,

Ordered that the order entered June 2, 2010, is reversed insofar as reviewed, on the law, the order entered April 13, 2010, is vacated, and the plaintiff's motion for summary judgment on the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2001 the plaintiff commenced an action against the defendants, who are Connecticut residents, in Connecticut, to recover money which he alleged he had loaned to the defendants. The plaintiff obtained a default judgment dated May 6, 2002, against them in the principal sum of $56,359. The judgment directed the defendants to make installment payments of $35 per week.

In February 2009 the plaintiff commenced this action to enforce the Connecticut judgment. The defendants, in their verified answer, admitted that the Connecticut judgment existed, but asserted as affirmative defenses, inter alia, that they complied with the Connecticut judgment by making payments of $35 per week, and made additional payments pursuant to a postjudgment agreement.

The plaintiff moved for summary judgment on the complaint based upon, inter alia, his affidavit in which he stated that amounts were "due and owing" on the loan when he obtained the Connecticut judgment. In an order entered April 13, 2010, the Supreme Court granted the plaintiff's motion for summary judgment. A subsequent order entered June 2, 2010, upon renewal and reargument, among other things, adhered to the original determination granting the plaintiff summary judgment.

A judgment of a sister state may be filed with a County Clerk in New York pursuant to CPLR article 54, whereupon the judgment is treated "in the same manner as a judgment of the supreme court of this state" (CPLR 5402 [b]). However, "article 54 does not apply to foreign judgments obtained by a default in

appearance" (*Steinberg v Metro Entertainment Corp.*, 145 AD2d 333, 334 [1988]; *see* CPLR 5401, 5402). Where, as here, the foreign judgment was entered upon default, the plaintiff may proceed pursuant to CPLR 3213 for summary judgment in lieu of complaint (*id.*), or, as in this case, by plenary action (*see* CPLR 5406; *Juliani v Nahorai*, 59 AD3d 300 [2009]; *Progressive Intl. Co. v Varun Cont., Ltd.*, 16 AD3d 476, 477 [2005]).

In such plenary actions, the judgment of the sister State is entitled to full faith and credit under US Constitution, article IV (*see Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577 [1991], *cert denied* 506 US 823 [1992]; *Cadle Co. v Tri-Angle Assoc.*, 18 AD3d 100, 103 [2005]). "[W]hat the Full Faith and Credit Clause requires is that a court provide a foreign judgment with the same credit, validity and effect that it would have in the state that pronounced it" (*Boudreaux v State of La., Dept. of Transp.*, 11 NY3d 321, 325 [2008], *cert denied* 557 US —, 129 S Ct 2864 [2009]; *see State of New York v International Asset Recovery Corp.*, 56 AD3d 849, 852 [2008]).

The plaintiff established his prima facie entitlement to recognition and enforcement of the Connecticut judgment against the defendants (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, in opposition, the defendants raised triable issues of fact regarding, inter alia, the amount they owed pursuant to the judgment, whether the judgment includes an award of interest, and the existence of a postjudgment payment agreement between the parties. Therefore, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.

In light of our determination, we need not reach the defendants' remaining contentions. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.