OPINION OF THE COURT
Michael A. Ciaffa, J.
This action by the insurer of a damaged auto involves facts and circumstances which defy easy analysis. A slim set of motion papers seeks a default judgment against defendants. The papers end up presenting complexities not apparent from the face of the moving papers. In the decision that follows, the court issues rulings on the matter which wade through a series of difficult jurisdictional issues and novel legal questions. Finally ad *273 dressing the merits of the motion, the court concludes that plaintiffs proof of claim is deficient, requiring denial of the motion.
Background Facts
According to the moving papers, plaintiff, Metropolitan Group Property & Casualty Insurance Company, insured a motor vehicle that was owned by its subrogors, Marva and Swinston Harrigan. On January 23, 2012, the vehicle was damaged in a collision that took place in Freeport, New York. Following payment of a claim made by its insureds, plaintiff brought suit against the driver and the owner of a second vehicle. An amended complaint alleges “upon information and belief’ that the collision “resulted solely from the negligence and carelessness of defendant, Marie Pierre-Canel in the operation and control of said motor vehicle owned by [defendant] John Wellington.”
The owner, defendant Wellington, was served with the lawsuit at his dwelling in Brooklyn, New York, through delivery of the summons and complaint to a person of suitable age and discretion. (See CPLR 308 [2].) The driver, defendant Pierre-Canel, was served at her dwelling in Wyandanch, New York, through “nail and mail” service. (See CPLR 308 [4].) Neither defendant served or filed an answer to the complaint within the time allowed by law. (See UDCA 402 [b].)
Plaintiffs Motion
Within one year of defendants’ default, plaintiff filed a timely motion for a default judgment against defendants (see CPLR 3215 [c]), seeking judgment in the principal amount of $12,809.25, plus interest from the date of the accident. The motion was submitted, unopposed, without defendants ever appearing.
Discussion
As this court has previously noted, “it is tempting to simply grant [an unopposed default judgment application] and move on to other pressing matters.” (Utica Mut. Ins. Co. v Lynton, 31 Misc 3d 804, 806 [Nassau Dist Ct 2011].) “However, the rule of law . . . demands more.” (Id.) “The court’s duty is not ‘ministerial.’ ” (Id., citing McGee v Dunn, 75 AD3d 624 [2d Dept 2010].) A plaintiff cannot properly obtain a default judgment unless and until it submits the required proof. (See CPLR 3215 [f].)
Upon close examination of plaintiffs moving papers, it appears that plaintiffs application presents a series of complex *274 procedural and substantive issues which require careful analysis. First and foremost, district courts are courts of limited jurisdiction. Although this court’s subject matter jurisdiction over plaintiffs action “is not open to question” (see Philadelphia Indem. Ins. Co. v Goggins-Starr, 30 Misc 3d 459, 461 [Nassau Dist Ct 2010]), “the court’s exercise of personal jurisdiction over defendants hinges on its ‘long arm’ powers under UDCA 404 (a), and general jurisdictional principles.” {Id. at 462.)* Pursuant to that section, a district court “may exercise personal jurisdiction over any non-resident of the county” only with respect to causes of action which arose from acts within the county, “in person or through an agent,” involving the transaction of business in the county; the commission of a tortious act within the county; or the ownership, use or possession of real property situated within the county. (UDCA 404 [a].)
In the instant case, the complaint, on its face, appears to allege the commission of such a tortious act by defendant PierreCanel in Freeport, New York, which is within the County of Nassau {see plaintiffs complaint ¶¶ 4-7). However, the complaint does not allege that defendant Wellington, personally, committed such a tortious act in Nassau County. Nor does it allege that Pierre-Canel was Wellington’s “agent” when the accident took place. Rather, the sole ground for suing Wellington is his status as the owner the vehicle that Pierre-Canel was driving. {See Vehicle and Traffic Law § 388 [1] [“Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner”].)
In circumstances like these, does the plaintiff have to plead and/or prove the legal basis for asserting long-arm personal jurisdiction against the defendant Wellington in order to obtain a default judgment against him? Surprisingly, current case law provides no clear answer to the question.
More than 40 years ago, when Judge Niehoff decided Coffman v National Union Fire Ins. Co. of Pittsburgh (60 Misc 2d 81 [Nassau Dist Ct 1969]), the case law at that time set forth a *275 bright-line rule: “Under present law one seeking to invoke the in personam jurisdiction of this court with respect to a nonresident must expressly allege in the complaint the facts bringing the nonresident within the UDCA’s provisions for personal jurisdiction by acts of nonresidents.” (60 Misc 2d at 84.)
When Judge Hirsh of this court examined the issue anew in 2002, he concluded that Coffman’s holding on this point was no longer good law. (See Shaw, Licitra, Bohner, Esernio, Schwartz & Pfluger, P.C. v Lefkowitz, 2002 NY Slip Op 50329[U] [Nassau Dist Ct 2002].) As explained in Judge Hirsh’s decision:
“Fishman v. Pocono Ski Rental, Inc., 82 A.D.2d 906 (2nd Dept., 1981), specifically held there is no requirement to plead long arm’ jurisdictional facts in the complaint. . . .
“This Court must follow the applicable decisions of the Appellate Division for the Second Department. . . .
“To the extent that Coffman, supra, holds that a party seeking to assert jurisdiction over a nonresident must plead long arm’ jurisdictional facts in the complaint, this court concludes that it. . .no longer states ‘the present state of the law’ and declines to follow it.” {Id. at *10-11.)
The following year, in 2003, the Appellate Term weighed in once again. (See Manfre v Abrams, 196 Misc 2d 631 [App Term, 2d Dept 2003].) Without discussing or citing to Judge Hirsh’s decision in Shaw, Licitra, the Appellate Term followed Coffman, holding that, in district court cases involving service of process outside of the district court’s “limited territorial jurisdiction,” “the basis for personal jurisdiction must be alleged in the pleadings.” (Id. at 632.)
Four years thereafter, in June 2007, the Appellate Term followed Manfre in affirming the denial of a Suffolk County District Court motion to enter a default judgment against defendants who “reside outside the District Court’s jurisdiction.” (See Young v American Off. Interiors, Inc., 15 Misc 3d 144[A], 2007 NY Slip Op 51162[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007].) The court’s brief decision explained: “the complaint does not specifically allege facts establishing that the acts and omissions complained of took place within Suffolk County” (15 Misc 3d 144[A], 2007 NY Slip Op 51162[U], *1, citing UDCA 404, and Manfre v Abrams).
Within six months of the latter ruling, the Court of Appeals handed down an important decision which broadly addressed *276 the pleading and proof required in a long-arm case filed in the Supreme Court. (Fischbarg v Doucet, 9 NY3d 375 [2007].) The principal question in that case was whether non-residents of the state who had retained a New York attorney had “transacted business” in New York, sufficient to subject them to “long-arm jurisdiction” under CPLR 302 (a) (1). (Id. at 379.) In affirming lower court rulings that sustained jurisdiction based upon evidence submitted by the plaintiff, the Court held that “[t]he quality of defendants’ contacts here establishes a transaction of business in New York.” (Id. at 380.)
The Court went on to address a second question, namely, whether the plaintiff had to allege the basis for long-arm jurisdiction in the complaint. Because plaintiffs complaint “recited no specific statutory basis for personal jurisdiction over defendants,” the defendants claimed the complaint was “subject to dismissal because it failed to allege a basis for personal jurisdiction.” (Id. at 379, 381 n 5.) The Court of Appeals emphatically held: “Defendants are wrong.” (Id. at 381 n 5.) Quoting from Vincent C. Alexander, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C302:5 at 166), the Court noted the absence of such a requirement in the CPLR’s “rules of pleading.” (Id.) Rather, “[i]f the defendant moves to dismiss due to the absence of a basis of personal jurisdiction, the plaintiff must come forward with sufficient evidence, through affidavits and relevant documents, to prove the existence of jurisdiction.” (Fischbarg v Doucet at 381 n 5, quoting Alexander, supra.) “This is precisely what occurred here.” (Id.)
Based upon the Court of Appeals’ decision in Fischbarg v Doucet, this court now holds that a district court complaint need not plead a factual basis for asserting personal jurisdiction over a defendant who resides outside of Nassau County. Although the decision in Fischbarg involved the assertion of long-arm jurisdiction over out-of-state residents under CPLR 302 (a) (1), this court sees no principled basis for restricting the holding to cases brought against out-of-state residents under the general long-arm provisions of the CPLR. Since the UDCA’s rules for pleading in district court cases, like the general rules for pleading in the CPLR, contain no requirement for pleading the basis for asserting personal jurisdiction, Fischbarg is controlling. Accordingly, to the extent Coffman, Manfre, and Young set forth a different rule for pleadings in district court long-arm cases, the Court of Appeals has spoken. These decisions are no longer good law.
*277 But this conclusion does not end the court’s analysis. Fischbarg was decided in the context of a motion to dismiss. It did not involve an application for a default judgment.
Default judgment applications are governed, in large part, by the provisions of CPLR 3215. (See UDCA 1402 [“A judgment by default may be entered as provided in CPLR § 3215”]; UDCA 2102 [“The CPLR and other provisions of law relating to practice and procedure in the supreme court . . . shall apply in this court as far as the same can be made applicable and are not in conflict with this act”].)
CPLR 3215 (f) describes the basic proof that a plaintiff must submit: “On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, . . . and proof of the facts constituting the claim, the default and the amount due.” Under case law interpretations of this section, a default judgment application must be denied if the plaintiff “failed to present proof of valid service of the summons and complaint.” (Daniels v King Chicken & Stuff, Inc., 35 AD3d 345, 345 [2d Dept 2006]; accord Levi v Oberlander, 144 AD2d 546 [2d Dept 1988].) “Absent such proof, no default judgment may be entered” against a defaulting defendant. (Levi v Oberlander, 144 AD2d at 547.)
In district court matters, “valid service” can be made outside of the county only in limited, narrowly defined circumstances. UDCA 403 accordingly provides that service of a summons “shall be made only within the county unless service beyond the county be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state.” The next section of the UDCA goes on to allow for service of a summons “regardless of county or state lines” in cases where certain acts by the defendant provide a basis for the assertion of long-arm jurisdiction. (See UDCA 404 [b].)
As noted previously, the UDCA allows the district court to exercise long-arm jurisdiction over causes of action arising from acts within the county, “in person or through an agent,” involving: (1) transaction of business in the county, (2) commission of a tortious act within the county, or (3) ownership, use or possession of real property situated in the county. (See UDCA 404 [a].) Consequently, in order to establish that “valid” service of process was effected upon a defendant, it remains necessary for the plaintiff to submit factual allegations, by affidavit or otherwise, explaining the basis for plaintiffs contention that the court has *278 jurisdiction to grant a default judgment against a non-resident defendant.
In reaching this conclusion, the court sees no inconsistency between its second holding and the rule announced in Fischbarg. Although this court readily accepts Fischbarg’’s holding that a plaintiffs complaint need not allege a basis for asserting long-arm jurisdiction over a non-resident defendant, nothing in Fischbarg suggests that a plaintiff can ignore the issue, entirely, when moving for a default judgment. If a plaintiff in a district court case requests a default judgment against a non-county resident who was served outside the county, the court must still closely examine plaintiffs pleadings and proof to determine whether service of process appears to have been validly made under UDCA 403 and 404 (b).
Turning to the case at bar, the court has no problem concluding, from plaintiffs allegations, that the court may exercise personal jurisdiction over defendant Pierre-Canel. Although she was served in Wyandanch, in Suffolk County, the complaint alleges that her vehicle was involved in a collision in Nassau County, and that the collision resulted from her “negligence and carelessness.” Since the collision allegedly caused property damage to plaintiffs insureds’ vehicle, the complaint plainly alleges a cause of action arising from the “commission] [of] a tortious act” by Pierre-Canel within Nassau County (UDCA 404 [a] [2]), thus allowing service to be made outside the County pursuant to UDCA 403 and 404 (b).
The claim against defendant Wellington, seeking to hold him liable as the vehicle’s owner, is not so simple. Can a motor vehicle’s owner, deemed liable by statute for damages caused by a permissive driver’s negligence (Vehicle and Traffic Law § 388 [1]), be treated the same as the driver for the purpose of determining the propriety of service of process outside of Nassau County under the UDCA? Again, the issue requires close analysis of relevant case law and statutes. The court has found no controlling decisions on point. The issue appears to be one of first impression.
UDCA 404 (a) (2), read literally, provides for long-arm jurisdiction over causes of action arising in Nassau County from the tortious acts of a non-resident “in person or through an agent.” The tortious acts alleged in this case were not committed by Wellington “in person.” To the contrary, “[t]he liability of an owner, such as the defendant, does not rest on any claim that he was himself guilty of negligence resulting in the damages *279 sustained by the plaintiff but arises solely by virtue of the statute,” Vehicle and Traffic Law § 388. (Plath v Justus, 28 NY2d 16, 20 [1971].) Instead, the owner’s liability exists solely by virtue of the statutory enactment, which deems him “liable and responsible for . . . injuries to person or property resulting from negligence in the use or operation of such vehicle ... by any person using or operating the same with the permission, express or implied, of such owner.” (Vehicle and Traffic Law § 388 [1].)
Nor can Pierre-Canel be deemed Wellington’s “agent” under the common-law rules governing an owner’s liability for motor vehicle torts. In the absence of allegations that the owner had the “right to control and direct the driver’s conduct,” an owner of a vehicle cannot be held responsible for the driver’s negligence simply because the vehicle was being operated “with the consent and permission of the owner.” (See 61 CJS, Motor Vehicles § 967; see also Plath v Justus at 20 [“Under common law, . . . an owner of a motor vehicle, who merely permits another to drive his car, would not be liable for the negligence of the driver, except under the theory of respondeat superior or agency”].) No such allegations are made by the plaintiff.
If plaintiff makes no claim that defendant Wellington committed a tortious act “in person” in Nassau County, and if it makes no claim that Pierre-Canel was his “agent” by virtue of some right to “control or direct the driver’s conduct,” what basis exists for asserting long-arm jurisdiction over Wellington? The answer largely depends upon understanding the intent behind the enactment of UDCA 404 (a) and Vehicle and Traffic Law § 388 (1), and applying the statutes in a commonsense fashion, consistent with the legislative intent.
The long-arm provisions of UDCA 404 are simply “a tailored version” of CPLR 302, “made to fit the jurisdiction of the district court.” (See David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part 3, UDCA 404 at 496.) As Professor Siegel explains in his Practice Commentaries, CPLR 302 “is designed to permit the courts of the state to exercise in personam jurisdiction over a nondomiciliary of the state if the cause of action arose within the state.” (Id.)
“UDCA § 404 carries the contact requirement just a step further by stipulating, as a condition to the district court’s exercise of jurisdiction, that the cause of action arise not merely within the state, but within the geographical confines of a district of *280 the court. Thus, if the subject matter is within the court’s jurisdiction, and the contacts enumerated in § 404(a) were within a district, the court may, by virtue of subdivision (b), send its summons as far as the supreme court summons might go if the action had been brought there.” (Id.)
CPLR 302 (a) (2) includes a provision, similar to UDCA 404 (a) (2), allowing for long-arm jurisdiction over a nonresident defendant “who in person or through an agent. . . commits a tortious act within the state.” Under case law interpretations of CPLR 302 (a), courts have sometimes gone beyond common-law definitions of a principal-agent relationship. As recognized in the Practice Commentaries, whether someone qualifies as an “agent” for jurisdictional purposes does not “turn on legalistic distinctions.” (See Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:4 at 164.) To the contrary, the plaintiff “need not establish a formal agency relationship” to sustain long-arm jurisdiction under CPLR 302 (a). (See Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988].) Rather, the plaintiff “need only convince the court” that “purposeful activities” were performed in New York, with “the knowledge and consent” of the nonresident defendant, under circumstances where the nonresident defendant exercised “some control” over the matter. (See Kreutter v McFadden Oil Corp. at 467.)
In the case at bar, it appears that Pierre-Canel’s operation of Wellington’s motor vehicle in Nassau County involved “purposeful activity” within the County. When these facts are combined with plaintiff’s allegation that she was operating the vehicle with Wellington’s permission and consent, strict proof of a “formal agency relationship” is unnecessary. (Cf. Kreutter v McFadden Oil Corp. at 467.)
Moreover, in order for plaintiff to prove its claim against Wellington under Vehicle and Traffic Law § 388 (1), it need not submit any proof of “control.” Instead, Vehicle and Traffic Law § 388 (1) explicitly provides that a driver’s negligence in the use and operation of a motor vehicle is “attributable to [the] owner.” This statutory command rests upon a legal fiction, through which the driver’s negligence is “imputed” to the owner under principles of vicarious liability. (See generally Lee S. Kreindler et al., New York Law of Torts § 9:25 [14 West’s NY Prac Series].) In other words, as long as the driver was using the vehicle with the owner’s express or implied permission, the law holds the *281 owner liable for the driver’s negligence in the same manner as if the owner, himself, was driving.
If the driver’s operation of the vehicle with the owner’s consent is enough to impose vicarious liability upon the owner, the court believes it should be enough to provide a basis for long-arm jurisdiction over the owner under UDCA 404 (a) (2). While allegations of “control” are ordinarily required in long-arm cases involving acts by someone’s “agent,” commonsense calls for relaxing the ordinary rule to better effectuate the intent of Vehicle and Traffic Law § 388 (1). (See generally McKinney’s Cons Laws of NY, Book 1, Statutes § 96, Comment at 207 [“a statute should be given a rational interpretation consistent with achieving its purpose and with justice and common sense”].) To hold otherwise would force the plaintiff to bring separate actions in different counties, with the attendant risk of inconsistent adjudications. It is fundamental that a court’s interpretation of an ambiguous statute should favor a construction which avoids “objectionable consequences.” (See generally Statutes § 141.)
The court accordingly concludes that UDCA 404 (a) (2) can and should be construed in a manner allowing the court to exercise long-arm jurisdiction over both defendants. Under such a commonsense construction of the statute, a negligent driver may be deemed the owner’s “agent,” thus allowing an injured party to serve process upon both of them, outside of Nassau County, as allowed by UDCA 403 and 404 (b). In such circumstances, upon submission of appropriate proof (see CPLR 3215 [f]), a default judgment may be entered, against both defendants, in the same proceeding.
Finally, the court turns to the issue of whether plaintiff’s moving papers are otherwise sufficient to support entry of a default judgment against defendants. (See CPLR 3215 [f|.) The cited section requires verified allegations or “proof by affidavit ... of the facts constituting the claim.” (See Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003].) The affidavit or verified complaint “need only allege enough facts to enable a court to determine that a viable cause of action exists.” (Id. at 71.)
The complaint in this case, on its face, is made “upon information and belief.” Although the complaint includes a verification by plaintiff’s counsel, his “verification” cannot be considered as “proof ... of the facts constituting the claim.” (Id. at 70; see e.g. Hazim v Winter, 234 AD2d 422 [2d Dept 1996].)
*282 Plaintiffs remaining proof includes a vaguely worded affidavit from one of its insureds, Swinston Harrigan, claiming that “a vehicle operated by Marie Pierre-Canel . . . struck the vehicle I was driving.” Other proof, from a claims representative, annexes a damage estimate showing various items of front auto body damage to the insured vehicle. In the absence of factual allegations from Harrigan supporting a claim of negligence, and in view of the claimed front auto body damages which are suggestive of negligence by plaintiffs insured, the facts alleged in plaintiffs moving papers are not enough to determine if “a viable cause of action exists.” (Woodson at 71.)
Conclusion
In conclusion, the court cannot grant a default judgment against defendants upon the papers submitted. Although the facts alleged provide a sufficient basis for the assertion of long-arm jurisdiction over both defendants, allowing the service of process upon them outside of Nassau County, the proof of “the facts constituting the claim” remains deficient. (Id. at 70.) The motion is therefore denied, without prejudice to renewal upon appropriate proof establishing a viable cause of action for negligent operation of a motor vehicle.

 Unlike subject matter jurisdiction, which may not be waived, a defendant “may . . . waive defects in personal jurisdiction” by “participat[ing] in the . . . proceeding! ] without raising the issue.” {Philadelphia Indem. Ins. Co. v Goggins-Starr at 462-463.) Since defendants, here, have not participated in the proceeding in any way, shape, or form, the issue remains in the case.