Strategic Funding Source, Inc. v Capital Siding & Constr. LLC (2025 NY Slip Op 50657(U))

[*1]

Strategic Funding Source, Inc. v Capital Siding & Constr. LLC

2025 NY Slip Op 50657(U)

Decided on February 27, 2025

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2025
Supreme Court, Albany County

Strategic Funding Source, Inc., Plaintiff,

against
Capital Siding & Construction LLC D/B/A ABAR CONSTRUCTION, BENCHMARK PROPERTY MANAGEMENT GROUP, LLC, BRIANA BARBER AND WILLIAM BARBER, Defendants.

Index No. 911550-24

WINDELS MARX LANE & MITTENDORF, LLP
By: Robert J. Malatak 
Aryana P. Badery 
Attorneys for Plaintiff
156 West 56th Street 
New York, New York 10019 
O'CONNELLANDARONOWTZ, P.C. 
Peter A. Pastore, Esq. 
Attorney for Defendants 
Capital Siding & Construction LLC 
D/B/A Abar Construction, 
Benchmark Property Management Group, LLC, 
Briana Barber, and William Barber 
54 State Street Albany, New York 12207-2501

Peter A. Lynch, J.

INTRODUCTION
This is an action to domesticate a foreign default judgment entered in the Commonwealth of Virginia.
FACTS
On October 26, 2018, Plaintiff obtained a default judgment in the Circuit Court, County of Henrico, Virginia against Defendants in the sum of One Hundred Seventy-Five Thousand, Three Hundred Forty-Three Dollars ($175,343.00) plus interest at the judgment rate of six (6%) per annum, from the date of judgment, and attorney's fees of Eight Thousand, Two Hundred Fifty Dollars ($8,250.00) (hereinafter the "Judgment").[FN1]

As of November 19, 2024, the Judgment is unsatisfied, and the amount due is in the sum of $247,465.90 [$175,343.00 (principal), plus $63,872.89 (interest)], and $8,250.00 in attorney fees.[FN2]

The judgment arose out of a breach of contract claim. Pursuant to paragraph 4.5of the underlying Agreement, the parties agreed that the Commonwealth of Virginia was the venue/jurisdiction for any dispute.[FN3]

VIRGINIA SERVICE OF PROCESS
In the Judgment, the Court noted it had "examined the service of process and the duly executed return thereon."[FN4]
The affidavits of service name each of the defendants, and the Clerk in the Office of the Secretary of the Commonwealth issued a "Certificate of Compliance" relative to the mailing process to each defendant by certified mail return receipt requested.[FN5]
In fine, Plaintiff effected personal jurisdiction over defendants in accord with Virginia law, more fully set forth below.[FN6]

In addition to service of process, Plaintiff also served Defendants with Notice of a Hearing on the Motion for a default judgment by certified mail return receipt requested, and the [*2]Defendants signed the mailing receipts.[FN7]

Notwithstanding the foregoing, each Defendant claims that they were never served with process in the underlying Virginia action.[FN8]
In her affidavit, Briana Barber claimed,
"I do not have any recollection of being served with any process from the courts of the State of Virginia and I have no personal documentation of being served with a summons or complaint in any manner leading to the alleged default Judgment . . . Additionally, I do not recall, nor do I have personal documentation of being served with the alleged default Judgment."[FN9]
In the affidavits signed by William Barber (NYSCEF Doc. Nos. 18, 19, and 20) the same no recollection or recall language is used.
Virginia Code 8.01-290 provides, inter alia:
Upon the commencement of every action, the plaintiff shall furnish in writing to the clerk or other issuing officer the full name and last known address of each defendant and if unable to furnish such name and address, he shall furnish such salient facts as are calculated to identify with reasonable certainty such defendant. The clerk or other official whose function it is to issue any such process shall note in the record or in the papers the address or other identifying facts furnished. Failure to comply with the requirements of this section shall not affect the validity of any judgment.
Virginia Code 8.01-291 provides, inter alia:
The clerk issuing any such process unless otherwise directed shall deliver or transmit therewith as many copies thereof as there are persons named therein on whom it is to be served.
Virginia Code 8.01-329 provides, inter alia:
A. When the exercise of personal jurisdiction is authorized by this chapter, service of process or notice may be made in the same manner as is provided for in Chapter 8 (§ 8.01-285 et seq.) in any other case in which personal jurisdiction is exercised over such a party, or process or notice may be served on any agent of such person in the county or city in the Commonwealth in which that agent resides or on the Secretary of the Commonwealth of Virginia, hereinafter referred to in this section as the "Secretary," who, for this purpose, shall be deemed to be the statutory agent of such person.
B. When service is to be made on the Secretary, the party or his agent or attorney seeking service shall file an affidavit with the court, stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such affidavit shall set forth the last known address of the person to be served. For the mailing, by the clerk to the party or his agent or attorney, in accordance with subsection C, of verification of the effective date of service of process, the person filing an affidavit may leave a self-addressed, stamped envelope with the clerk . . .
C. Service of such process or notice on the Secretary shall be made by the plaintiff's, his agent's or the sheriff's leaving a copy of the process or notice, together with a copy of the affidavit called for in subsection B and the fee prescribed in § 2.2-409 in the office of the Secretary in the City of Richmond, Virginia. Service of process or notice on the Secretary may be made by mail if such service otherwise meets the requirements of this section. Such service shall be sufficient upon the person to be served and shall be effective on the date when service is made on the Secretary. It shall be the duty of the Secretary to:
1. Provide a receipt to a party seeking service who serves process on the Secretary by hand delivery or any other method that does not provide a return of service or other means showing the date on which service on the Secretary was accomplished. The party seeking service shall be responsible for filing such receipt in the office of the clerk of the court in which the action is pending;
2. Forthwith send by certified mail, return receipt requested, to the person or persons to be served at the last known post-office address of such person notice of such service, a copy of the process or notice, and a copy of the affidavit; and
3. Forthwith file with the papers in the action a certificate of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance.
Upon receipt of the certificate of compliance, the clerk of the court shall mail verification of the date the certificate of compliance was filed with the court to the person who filed the affidavit required by subsection B, in the self-addressed, stamped envelope, if any, provided to the clerk at the time of filing of the affidavit. The clerk shall not be required to mail verification unless the self-addressed, stamped envelope has been provided. The time for the person to be served to respond to process sent by the Secretary shall run from the date when the certificate of compliance is filed in the office of the clerk of the court in which the action is pending.
D. Service of process in actions brought on a warrant or motion for judgment pursuant to § 16.1-79 or 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.
E. The Secretary shall maintain a record of each notice of service sent to a person for a period of two years. The record maintained by the Secretary shall include the name of the plaintiff or the person seeking service, the name of the person to be served, the date service was received by the Secretary, the date notice of service was forwarded to the person to be served, and the date the certificate of compliance was [*3]sent by the Secretary to the appropriate court. The Secretary shall not be required to maintain any other records pursuant to this section. (Emphasis added)
Here, the record evidence shows that Plaintiff filed the "certificate of compliance" in accord with Virginia Code 8.01-329, with the moving papers, establishing personal jurisdiction over the defendants.[FN10]

MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT
CPLR § 5401 provides:
"In this article "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance, or by confession of judgment." (Emphasis added)
Since the Virginia judgment was entered by default, it may not be directly filed with the Court Clerk (See CPLR 5402 (a); Elie v. Levlex Enters., 294 AD2d 534 [2d Dept. 2002]). 
CPLR § 5406 provides:
"The right of a judgment creditor to proceed by an action on the judgment or a motion for summary judgment in lieu of complaint, instead of proceeding under this article, remains unimpaired."
Pursuant to CPLR §3213, where, as here, the action is "based on . . . any judgment," the accelerated process of commencing the action upon the motion for summary judgment in lieu of complaint is authorized (see e.g., Premier Capital, Inc. v. DeHaan, 122 AD3d 1414 [4th Dept. 2014]; Pangburn v. Klug, 244 AD2d 394 [2d Dept. 1997]).
Here, Plaintiff filed the Summons with Notice of Motion for Summary Judgment in Lieu of a Complaint in accord with CPLR 3213 on November 20, 2024, with a return date of December 27, 2024.[FN11]
The Summons and Motion, along the filed pleadings, were served on Defendants by mail on November 26 and 27, 2024. Defendant submitted papers in opposition, challenging jurisdiction.
FULL FAITH AND CREDIT
US Constitution, article 4 section 1 provides, inter alia:
Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State."
In Sjogren v. Land Assoc., LLC, 223 AD3d 963, 964 [3d Dept. 2024], the Court held,
"[T]he Full Faith and Credit Clause requires . . . that a court provide a foreign judgment with the same credit, validity, and effect that it would have in the state that pronounced it. The doctrine establishes a rule of evidence, . . . which requires recognition of the foreign judgment as proof of the prior-out-of-State litigation and gives it res judicata [*4]effect, thus avoiding relitigation of issues in one State which have already been decided in another."
While it is not this Court's function to review the merits of the underlying claim, jurisdiction is at issue (Fiore v. Oakwood Plaza Shopping Center, Inc.,78 NY2d 572, 577 [1991], where the Court held,
"As a matter of full faith and credit, review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations.")
Here, the issue is whether the State of Virginia had jurisdiction over defendants in the first instance.
Since Plaintiff filed the "certificate of compliance" pursuant to Virginia Code 8.01-329, Plaintiff established personal jurisdiction over the defendants. Moreover, Plaintiff served additional notice of the default judgment hearing. Frankly, Defendant's general denial of service and/or notice of the default judgment hearing is belied by the documentary evidence. Stated another way, and to be blunt, what the Barbers' recall or recollect is of no moment, and their self-serving memory loss does not constitute evidence that they were not served with process.[FN12]

In fine, Plaintiff has met its burden of proof to establish personal jurisdiction in Virginia. As a result, the Virginia Judgment is in full force and effect and is entitled to full faith and credit in New York State.
CONCLUSION
Plaintiff's motion for summary judgment in lieu of a complaint is granted, and it is further,
ORDERED, ADJUDGED AND DECREED, that judgment is granted in favor of Plaintiff against Defendants, individually and severally, in the sum of Two Hundred Forty-Seven Thousand, Four Hundred Sixty-Five Dollars and 90/1.00 ($247,465.90) plus interest from November 19, 2024, (hereinafter the "Judgment"), and it is further, 
ORDERED, ADJUDGED AND DECREED, that the Albany County Clerk be and hereby is directed to enter and docket the judgment.
This memorandum constitutes the decision, order, and judgment of the Court.[FN13]

Dated: February 27, 2025.
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED: all e-filed pleadings.
NYSCEF Doc. Nos. 1 to 28.

Footnotes

Footnote 1:NYSCEF Doc. No. 4.

Footnote 2:NYSCEF Doc. No. 3 — Wolfson Aff. ¶ 17.

Footnote 3:NYSCEF Doc. No. 22 Agreement; NYSCEF Doc. No. 21 Wolfson Affidavit ¶ 6.

Footnote 4:NYSCEF Doc. No. 4.

Footnote 5:NYSCEF Doc. No. 7- Affidavits of Service.

Footnote 6:NYSCEF Doc. No. 23 — NGUYEN Affidavit ¶ 6 — 10.

Footnote 7:NYSCEF Doc. No. 23 — NGUYEN Affidavit ¶ 12-13; NYSCEF Doc. No. 27 — signed mailing receipts. Of note, is the distinctive signature of Briana Barber. Upon viewing her signature on her affidavit (NYSCEF Doc. No. 17) and the mailing receipt (NYSCEF Doc. No. 27), it is manifest the signatures are identical.

Footnote 8:NYSCEF Doc. No. 17-20.

Footnote 9:NYSCEF Doc. No. 17 — Briana Barber Affidavit ¶ 2 and 3.

Footnote 10:NYSCEF Doc. No. 7.

Footnote 11:NYSCEF Doc. No. 1 and 2.

Footnote 12:In the affidavits signed by William Barber (NYSCEF Doc. Nos. 18, 19, and 20) the same no recollection or recall language is used.

Footnote 13:The Plaintiff is required to comply with the Notice of Entry provisions of CPLR R 2220.