LPP Mtge., Inc. v CDC Mgt. Corp. (2025 NY Slip Op 04895)

LPP Mtge., Inc. v CDC Mgt. Corp.

2025 NY Slip Op 04895

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-04244
2023-04484
 (Index No. 57849/22)

[*1]LPP Mortgage, Inc., respondent,
v
CDC Management Corporation, appellant.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Nicholas K. Lagemann of counsel), for appellant.
Cullen and Dykman LLP, Uniondale, NY (Bonnie L. Pollack of counsel), for respondent.

DECISION & ORDER
In an action to enforce an out-of-state judgment, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 17, 2023, and (2) a judgment of the same court dated April 3, 2023. The order granted the plaintiff's motion for summary judgment on the complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the total sum of $2,179,112.96.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The full faith and credit clause of the United States Constitution requires that a New York court afford the judgment of a sister state's court the same credit, validity, and effect that it would have in the state in which it was rendered (see Matter of Luna v Dobson, 97 NY2d 178, 183; Miller v Miller, 152 AD3d 662, 664; Morin Boats v Acierno, 150 AD3d 844, 845). "Absent a challenge to the jurisdiction of the issuing court, New York is required to give the same preclusive effect to a judgment from another state as it would have in the issuing state" (Miller v Miller, 152 AD3d at 664 [citation omitted]).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting a copy of the out-of-state judgment and evidence that the defendant had not paid the amounts awarded therein (see Balboa Capital Corp. v Plaza Auto Care, Inc., 178 AD3d 646, 647; Madjar v Rosa, 83 AD3d 1011, 1012-1013). In opposition, the defendant did not [*2]challenge the jurisdiction of the out-of-state court or otherwise raise a triable issue of fact (see Morin Boats v Acierno, 150 AD3d at 845; cf. Madjar v Rosa, 83 AD3d at 1013).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court