**Holiday Hospitality Franchising, LLC v 500 Metro. Owner LLC**

2026 NY Slip Op 30720(U)

February 27, 2026

Supreme Court, New York County

Docket Number: Index No. 656116/2025

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

HOLIDAY HOSPITALITY FRANCHISING, LLC

Plaintiff,

- v -

500 METROPOLITAN OWNER LLC,

Defendant.

-----------------------------------------------------------------------X

**INDEX NO.** 656116/2025

**MOTION DATE** 11/26/2025

**MOTION SEQ. NO.** 001

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2–11 were read on this motion to/for <u>JUDGMENT - SUMMARY IN LIEU OF COMPLAINT</u>.

Plaintiff Holiday Hospitality Franchising, LLC ("Plaintiff" or "HHF") seeks recovery against Defendant 500 Metropolitan Owner LLC ("Defendant" or "Metropolitan") under CPLR § 3213 pursuant to the alleged breach of certain licensing and forbearance agreements relating to the use of hotel operation systems and associated royalties.

<u>**Relevant Factual and Procedural Background**</u>

On January 22, 2019, Plaintiff entered into a license agreement ("License Agreement") with Defendant for the operation of a Hotel Indigo®-branded hotel located at 500 Metropolitan Avenue, Brooklyn, New York 11211. NYSCEF Doc. No. 8 (Pl.'s Mem. of Law) at 1–2. In exchange for the right to use the HHF system—branded hotel services and standards with associate trademarks—Defendant agreed to pay Plaintiff royalties, service contributions, and technology fees. *Id*. at 2. The License Agreement has a term of twenty years and is in effect until July 18, 2039. NYSCEF Doc. No. 4 ("Georgia Action Compl.") at 2.

The License Agreement sets forth the amounts that Metropolitan must pay each month and states that non-payment constitutes a breach. *Id.* at 4–5. As a result of such breach, the License Agreement further states that unpaid amounts will accrue interest each month at 1.5% per month and Defendant agreed to pay all expenses related to defaults under the agreement. *Id.* at 5.

Defendant defaulted under the License Agreement by failing to timely pay "System Fees" and interest on said fees. Pl.'s Mem. of Law at 2. Thereafter, HHF and Metropolitan entered into a forbearance agreement on July 15, 2024 ("Forbearance Agreement") in which Defendant admitted that certain payments were due and Plaintiff agreed to forbear pursuing legal remedy if Defendant paid the fees owed pursuant to a forbearance payment plan. *Id*.

Defendant failed to pay the scheduled payments under the Forbearance Agreement. *Id.* As a result, on September 5, 2024, Plaintiff sent a letter notifying Defendant of its default under both the Forbearance and License Agreements and its action to collect all amounts owed with an extended deadline for payment on November 21, 2024. *Id.* Defendant failed to cure the breach by the extended deadline, and, subsequently, Plaintiff sent a letter on November 26, 2024, informing Defendant of its plan to file a lawsuit to collect the fees amounting to $2,556,886.39, as was its right to exercise all rights and remedies under the Forbearance Agreement and License Agreement. *Id.* at 2–3.

Plaintiff sent a demand letter ("Demand Letter") that same day informing Defendant that if Defendant could pay the full amount of damages within ten days of receipt of the Demand Letter, Plaintiff would not seek payment of its attorneys' fees and costs from Defendant pursuant to O.C.G.A. § 13-1-11. Georgia Action Compl. at 7–8. Plaintiff contends that Defendant has failed to pay all amounts due to Plaintiff to date, thus breaching the Forbearance Agreement. *Id.* at 7.

On January 27, 2025, Plaintiff filed its Complaint against Defendant in the State Court of DeKalb County, Georgia ("Georgia Court") for the outstanding payments ("Georgia Action"). Pl.'s Mem. of Law at 3–4. The venue was proper due to HHF's principal office location in Georgia and the Parties' subsequent business in that state. Georgia Action Compl. at 3. Defendant never filed an answer or made an appearance in the Georgia Action. Pl.'s Mem. of Law at 3–4. Thus, on August 19, 2025, Hon. Yolanda R. Mack granted Plaintiff's Motion for Entry of Default Judgment against 500 Metropolitan Owner, LLC as to liability. NYSCEF Doc. No. 3 ("Isted Aff.") at ¶ 7.

A hearing on the amount of Plaintiff's damages was set for October 9, 2025, through a notification filed on September 10, 2025 by Georgia Court personnel. *Id.* at ¶ 8. At said hearing, Plaintiff presented testimony and evidence of its damages as a result of Defendant's breach and, subsequently, Judge Mack entered Final Judgment against Defendant in favor of Plaintiff in the total amount of $3,577,457.45, which included the unpaid fees for HHF system use, accrued interest, and attorneys' fees, and court costs. *Id.* at ¶ 9.

Plaintiff moves for summary judgment in lieu of complaint in favor of Plaintiff and against Defendant and entry of judgment for the outstanding principal, accrued interest, costs, expenses, and attorneys' fees allegedly due and owing under Defendant's default. NYSCEF Doc. No. 2 ("Notice of Motion") at 1. As of November 26, 2025, the total amount owed is $3,577,457.45. *Id.* at 1.

Defendant has not filed an opposition to the instant motion nor appeared in this action.

### Legal Discussion

CPLR § 3213 allows a party to move for summary judgment in lieu of a complaint if the action is based upon an instrument for the payment of money only or "upon any judgment." CPLR § 3213. The purpose of CPLR § 3213 is to provide "provide quick relief on documentary claims so presumptively meritorious that 'a formal complaint is superfluous.'" *Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 443 (1996) (citation omitted). "The statute allows a plaintiff an expedited procedure for entry of a judgment by filing and service of a summons and a set of motion papers

[* 2]

that contain sufficient evidentiary detail for the plaintiff to establish entitlement to summary judgment." *Sea Trade Mar. Corp. v. Coutsodontis*, 111 A.D.3d 483, 484 (1st Dept. 2013).

Under the Full Faith and Credit Clause, "a New York court must afford the judgment of a sister State the same credit, validity, and effect that it would have in the State that rendered the judgment." *See* U.S. Constitution, article IV, § 1; *Nat. Funding, Inc v. Original Excellent Dumpling House Inc*, No. 653101/2025, 2025 WL 3777540, at \*1 (N.Y. Sup. Ct. Dec. 11, 2025). Thus, unless there is a jurisdictional challenge, "[a] sister state judgment qualifies for summary judgment treatment in lieu of a complaint under CPLR 3213." N.Y. CPLR § 3213 (McKinney); *Miller v. Miller*, 152 A.D.3d 662 (2d Dept. 2017); *see also Mortimer Offshore Services Ltd. v. Manufacturas Orga Ltda*, No. 654433/2018, 2019 WL 1223230, at \*1 (N.Y. Sup. Ct. Mar. 15, 2019).

A plaintiff satisfies its *prima facie* burden under CPLR § 3213 if it (1) produces the underlying judgment; (2) establishes the judgment has not been satisfied; and (3) establishes proper service of process if unopposed. *IOU Cent. Inc. v. Soundview Petroleum, Inc.*, 223 N.Y.S.3d 530 (N.Y. Sup. Ct. 2025); *see also Mortimer*, 2019 WL 1223230 at \* 1; *Madjar v Rosa*, 83 A.D.3d 1011 (2d Dept. 2011); *Cadle Co. v. Ayala*, 47 A.D.3d 919, (2d Dept. 2008). Relief under CPLR § 3213 is unavailable if any extrinsic evidence is required "other than simple proof of nonpayment or a similar *de minimis* deviation from the face of the document." *Weissman*, 88 N.Y.2d at 444.

Here, Plaintiff argues it is entitled to immediate entry of judgment under CPLR § 3213 because Defendant defaulted on its payments under the License Agreement and Forbearance Agreement, Judge Mack granted Plaintiff's Motion for Default Judgment in the Georgia Action, and the Georgia Court had personal jurisdiction over the Defendant. Thus, Plaintiff argues its judgment must be given effect under the Full Faith and Credit Clause.

The Court finds that Plaintiff satisfies its *prima facie* burden for entitlement to summary judgment in lieu of complaint pursuant to CPLR § 3213. First, Plaintiff submitted the Georgia Court's Orders and Judgments with respect to liability and damages establishing judgment against Defendant in the total amount of $3,577,457.45. NYSCEF Doc. Nos. 6, 7. Plaintiff further submits the affidavit from Kathryn Isted, an attorney with personal knowledge of the matter, to establish that "no portion of the Final Judgment, nor any interest thereon, has been satisfied by Defendant." Isted Aff. at ¶ 12. Finally, Plaintiff submits the Affidavit of Service with respect to service of the summons and motions papers in the instant action to establish proper service of process. NYSCEF Doc. No. 11 ("Aff. of Service") at 1. In the affidavit, the deponent states that he delivered such papers to the Secretary of State of New York, pursuant to LLCL § 303. Therefore, the Court finds that Plaintiff has established its entitlement to relief pursuant to CPLR § 3213.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Motion Seq. No. 001) is GRANTED, and Plaintiff is awarded judgment against Defendant in the sum of $3,577,457.45 plus accrued interest, attorneys' fees, and costs; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Plaintiff Holiday Hospitality Franchising, LLC and against Defendant 500 Metropolitan Owner LLC, in the amount of $3,577,457.45 plus accrued interest, attorneys' fees, and costs; and it is further

**ORDERED** that the Clerk of the Court shall mark this case as disposed

The foregoing constitutes the decision and order of this Court.

20260227161120ARPATEL49C7CF1D6D2C49A4BDBA9BB17C614318

| **2/27/26** | | | |
| **DATE** | | **ANAR R. PATEL, A.J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

656116/2025  HOLIDAY HOSPITALITY FRANCHISING, LLC vs. 500 METROPOLITAN OWNER LLC, Motion No. 001

[* 4]